UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL A. CHIRCO and
DOMINIC MOCERI,**

    **Plaintiffs,**

                                    **Civil Action No. 03-CV-72145-DT**

**v.**

                                    **HONORABLE DENISE PAGE HOOD**

**ROSEWOOD VILLAGE, LLC.,
ROCK HOMES CONSTRUCTION, INC.,
JEFFREY COHEN, ALEXANDER
V. BOGAERTS & ASSOCIATES, P.C.,
and ALEXANDER V. BOGAERTS,**

    **Defendants.**

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

**I.    Introduction**

This matter is before this Court on Magistrate Judge Virginia M. Morgan's Report and Recommendation dated March 22, 2005 on a Motion for Summary Judgment filed by Defendants Rosewood Village L.L.C., Rock Homes Construction, Inc., and Jeffrey Cohen (collectively, "defendants"), joined by Defendants Alexander V. Bogaerts and Associates, P.C. and Alexander V. Bogaerts. On April 5, 2005, Plaintiffs filed "Objections to Magistrate Judge Virginia M. Morgan's Report and Recommendation" and "Motion for Reconsideration of Report and Recommendation." The Magistrate Judge entered an Order striking Plaintiffs' "Motion for Reconsideration of Report and Recommendation on April 21, 2005. Defendants filed a Response to Plaintiffs' Objection on April 21, 2005. Plaintiffs and Defendants thereafter filed supplemental briefs, without leave of

court.[1]

After review of the Report and Recommendation and the numerous briefs filed by the parties, the Court finds that Magistrate Judge Morgan reached the proper conclusion based on proper reasons. This Court agrees with the Magistrate Judge's interpretation of the copyright infringement law under Supreme Court and Sixth Circuit precedent. The Court finds that Magistrate Judge Morgan properly applied the law to the facts and issues of this case.[2]

**II.     Access**

Specifically, the Court agrees with the Magistrate Judge that based on the evidence before her, Plaintiffs have failed to sustain their burden for showing access on the part of Defendants in this case. "To succeed in a copyright infringement action, a plaintiff must establish that he or she owns the copyrighted creation, and that the defendant copied it." *Kohus v. Mariol,* 328 F.3d 848, 853 (6th Cir. 2003). In most cases, a plaintiff may have no direct evidence of copying, and, in such cases, a plaintiff may establish an inference of copying by showing 1) access to the allegedly-infringed work by the defendant, and 2) a substantial similarity between the two works at issue. *Id.* at 853-54

---

[1] E.D. Mich. LR 72.1(d) governing Objections does not provide for supplemental briefs.

[2] Plaintiffs indicate in their supplemental/reply brief in support of their Objections that the Magistrate Judge's reason for ignoring her own prior opinion and other evidence supporting Plaintiffs was a "pretext" and that the Magistrate Judge was concerned that Plaintiffs had yet again sued to pursue their rights. (5/2/05 Br., p. 1) Plaintiffs cite to a previous opinion issued by the Magistrate Judge in another case involving Plaintiffs' plan against different defendants and project. As the Court notes below, citing another opinion in a different case may not relevant, in light of the fact that a different defendant and project were involved in the other case, even if the same judge wrote the opinion. If Plaintiffs sought to have one judge preside on all the cases, Plaintiffs should have sought consolidation or reassignment of all the cases to the judge with the lowest case number, as provided under E.D. Mich. L.R. 83.11. Additionally, if Plaintiffs are accusing the Magistrate Judge of some sort of bias, Plaintiffs should file the appropriate motion before that judge.

(quoting *Ellis v. Diffie,* 177 F.3d 503, 506 (6th Cir. 1999)). "Access merely means an opportunity to view the protected material" or to copy plaintiff's work. *Robert R. Jones Assoc., Inc. v. Nino Homes*, 858 F.2d 274, 277 (6th Cir. 1988); *Murray Hill Pubs. v. Twentieth Century Fox*, 361 F.3d 312, 316 (6th Cir. 2004)(citations omitted). Access, however, cannot be inferred though "mere speculation or conjecture." *Id.* Neither may a finding of access rest on "mere assertion" or "bare possibility." *Id.* The "availability" of the work, is merely speculation, which creates no more than a "bare possibility" that a defendant had access to the work. *Jason v. Fonda,* 698 F.2d 966, 967 (9th Cir. 1982) (Incorporating findings in *Jason v. Fonda,* 526 F. Supp. 774, 776 (1981)); *Raum v. Norwood,* 93 Fed. Appx. 693, 696 (6th Cir., Case No. 02-3181 Feb. 23, 2004) (unpublished) ("[P]laintiffs must show 'significant, affirmative and probative evidence' of a chain of access to survive a summary judgment motion by the defendants.") (quoting *Tisi v. Patrick,* 97 F. Supp. 2d 539, 547 (S.D. N.Y. 2000)).

The Magistrate Judge properly applied the "access" standard to the evidence before her. The Court agrees with the Magistrate Judge that the court is not required to speculate which portion of the record a party relies, nor is the court obligated to wade through and search the entire record of a case or other cases filed in the District, as plaintiff argues, for some specific facts that may support a party's claim.[3] *See Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989). Submitting affidavits and other evidence from a different case and which were not before the Magistrate Judge

---

[3]The undersigned alone has three separate cases involving the same architectural plan owned by Plaintiffs against three different builders/projects. (This case, 03-72145, Case Nos. 01-71403 and 03-74600.) There are at least four more cases before other judges involving the same architectural plan filed by Plaintiffs against various builders/projects. (Case Nos. 00-73390 (Steeh), 01-72015 (Roberts), 02-70485 (Roberts), 02-73188 (Borman). The record in this case alone is voluminous.

may not be relevant to the instant case, in light of the fact that Defendants and the projects involved in this case are not the same as in other cases. Plaintiffs argue that the Magistrate Judge's finding of the absence of evidence of access conflicts with this Court's March 31, 2005 Order in the cases of *Chirco v. Charter Oaks Homes*, Case No. 01-71403, and *Chirco v Crosswinds Communities, Inc.,* Case No, 03-74600. This Court disagrees with Plaintiff that evidence and opinions from a separate lawsuit have precedential value in this case, which, as noted, involve different Defendants and projects Plaintiffs did not properly support their response to the summary judgment motion.

Even if Plaintiffs properly supported their argument that there is evidence that the plans are available to be viewed because the plans were filed with various municipalities and are available on the website or various brochures, availability is mere speculation that Defendants had the opportunity to view the drawings. Plaintiffs' argument that Defendants acknowledged the existence of Plaintiffs' buildings located in the same area as Defendants' project to show access is unavailing. The Sixth Circuit has noted that one may directly construct a house identical to a house depicted in copyrighted architectural plans. *Nino Homes,* 858 F.2d at 280. It is the direct copy of the "architectural plans" which may violate the copyright laws. *Id.* Plaintiffs have not created a genuine issue of material fact to rebut any of the individual Defendants' deposition testimony that they never viewed Plaintiffs' plans and never contacted Plaintiffs' architect regarding the plans. As Defendants note, Plaintiffs' architect confirms that he was never contacted by any Defendant. (Mayotte Dep., p. 110) Regarding the alleged telephone call by one of the Defendants to Plaintiffs' office, the message slip submitted by Plaintiffs shows no substantive discussions, if any, during the telephone call and is dated after the completion of Defendants' plans. As to Brian Napeer, who purportedly could have revealed Plaintiffs' plans to Defendants, Plaintiffs submitted this assertion

in their post-hearing brief to the Magistrate Judge. Plaintiff Chirco at his deposition does not recall how old Brian Napeer was when he worked during his vacations. Mr. Napeer may have been in middle school, or high school, or college, and it was at least nine years before Defendants' Rosewood Village development began. Plaintiffs have not submitted any evidence that Mr. Napeer had access to the plans while he worked on Plaintiffs' project, that he copied the plans and gave the plans to Defendants. Plaintiffs have not shown a chain of access to survive summary judgment.

### III. Strikingly or Substantially Similar

This Court further agrees with Magistrate Judge Morgan's application of the higher standard of 'striking similarity' to prove infringement when a plaintiff fails to produce probative evidence of access. In *Murray Hill,* the Sixth Circuit noted:

> Where the plaintiff cannot prove access, the copyright infringement claims can still succeed, but only by proof of a higher level of similarity than the merely substantial. ... The quantum of similarity that will substitute for proof of access is 'strikingly similar.'

*Murray Hill,* 361 F.3d at 317. This is the standard of this Circuit where a plaintiff is unable to show access. This Court finds that the Magistrate Judge properly adhered to this standard in her findings that Plaintiffs could not show striking similarity between Plaintiffs' and Defendants' works.

Even if Plaintiffs could show access, they've failed to show the works are substantially similar, in light of the requirement that generic and/or commonplace elements must be filtered out from Plaintiffs' plans. *Murray Hill,* 361 F.3d at 326. "Unoriginal work enjoys no copyright protection." *Id.* at 318. "[W]here an element occurs both in the defendant's prior work and the plaintiff's prior work, no inference of copying can be drawn. *Id.* at 326. Plaintiffs' expert, Charles Merz, admits in his deposition that he did not filter out any unprotectible elements before comparing Plaintiffs' plans to Defendants' plans. (Merz Dep., pp. 52-53, 146-47) Mr. Merz further testified

that Plaintiffs' plans, specifically, the spatial relationship of the units and the garages to each other, are ideas, are common and that the spatial arrangements relating to the units were present in Defendants' architect's design created in 1980. (Merz Dep., pp. 100, 101, 135-36, 161, 179-81) Mr. Merz's subsequent affidavit may not create a factual issue after a motion for summary judgment has been filed and it contradicts an earlier deposition testimony. *Reid v. Sears, Roebuck & Co.,* 790 F.2d 453 (6th Cir. 1986). Plaintiffs have not submitted sufficient evidence to rebut Defendants' expert's testimony regarding filtering out elements prior to performing a substantial similar analysis.

Even if Plaintiffs could meet the elements of access and substantially or strikingly similar, Plaintiffs have not rebutted Defendants' defense that their plan was independently created. "[A]n inference of copying is rebuttable by evidence of independent creation of the allegedly infringing work." *Ellis*, 177 F.3d at 507. Defendants' architect testified he had never seen Plaintiffs' plan and that he independently created Defendants' plan based on a culmination of his earlier works. (Bogaerts Dep., pp. 123, 141) Plaintiffs have failed to raise a genuine issue of material fact that Defendants' architect did not independently create Defendants plan.

**IV.    Laches**

The Magistrate Judge denied Defendants' motion to dismiss based on laches. "Laches is not ... a mere matter of time; but principally a question of the inequity of permitting a claim to be enforced." *Ford Motor Co. v. Catalanotte,* 342 F.3d 543, 550 (6th Cir. 2003). In the copyright context, the test for determining the equitable defense of laches requires that "plaintiff did not assert its rights diligently and that this lack of diligence was prejudicial to the defendants." *Broadcast Music, Inc. v. Peppermint Club, Inc.,* 229 U.S.P.Q. 534, 536 (M.D. Oh. 1985). A party's notice or lack of notice that its rights are being infringed is particularly relevant to determining whether that

6

party lacked diligence in protecting its rights. *Ford Motor*, 342 F.3d at 550. In *King v. Hallmark Cards, Inc.,* 225 F.3d 1030, 1038-39 (9th Cir. 2000), the Ninth Circuit held "that while the statute of limitations is triggered only by violations – i.e., actual infringements – the laches period may be triggered when a Plaintiff knows or has reason to know about an impending infringement."

The Magistrate Judge found Defendants have not shown prejudice. After a review of Defendants' motion, the Court agrees. Plaintiffs sent a letter to Defendants in May 2001 indicating they had infringed Plaintiffs' works. (Ex. 10, Def. M/SJ Br.) Defendants' counsel wrote to Plaintiffs' counsel requesting further information on August 6, 2001. (Ex. 12, Def. M/SJ Br.) Plaintiffs filed the instant lawsuit on June 2, 2003. Although the laches period in this case began as early as May 2001 when Plaintiffs sent a letter to Defendants regarding infringing Plaintiffs' work, Defendants also had notice at that time that there may be an infringement issue, and chose to proceed with their project. Defendants' brief does not point to any evidence to support their argument they have been prejudiced, other than asserting they have expended "substantial time and effort" in developing Defendants' project. The Magistrate Judge's finding is accepted.

**V.   CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation **(Docket No. 124, filed March 22, 2005)** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment **(Docket No. 105, filed December 28, 2004)** is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment Dismissing

Defendants' Affirmative Defense that Construction of the Knollwood Building Turned the Building Design Over to the Public Domain **(Docket No. 113, filed February 10, 2005)** is MOOT.

IT IS FURTHER ORDERED that the Motion for Reconsideration of the Magistrate Judge's Report and Recommendation **(Docket No. 127, filed April 5, 2005)** is MOOT, given that the Magistrate Judge entered an Order striking this motion on April 21, 2005 (Docket No. 131).

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice as to all Defendants.


s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 29, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2005, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager